**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEODIS BROWN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-558 DDN |
| | ) | |
| UNKNOWN MCSHANE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's pro se motion to proceed in forma pauperis under 28 U.S.C. § 1915(a). The motion is granted.

Under 28 U.S.C. § 1915(e), the Court is required to review any case filed in forma pauperis and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff purportedly brings this action under the ADA, RICO, 42 U.S.C. § 1983, and state law. Defendants are a state judge and a local union. The allegations in the complaint are mostly illegible, and those that are legible are meritless. Plaintiff refers to his exhibits. They, however, do

not state a claim for relief under any of the causes of action listed above. The exhibits are comprised of letters from law firms, random emails, newspaper clippings, and other documents.

This lawsuit is frivolous. Defendant McShane is immune from suit. Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003). And there are no factual allegations in the complaint supporting a claim against the union.

Plaintiff has a long history of filing frivolous civil actions in this Court against government officials. E.g. Brown v. St. Louis Election Board, 4:08CV1164 CAS (E.D. Mo.). When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). The Court believes that the frivolous nature of the instant lawsuit, in addition to plaintiff's history of filing frivolous anti-government lawsuits, demonstrates that plaintiff has filed this action for the purpose of harassing the named defendants rather than vindicating a cognizable legal right. Therefore, this action is malicious, and the Court will dismiss it with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of April, 2013.